Rodríguez, Demandante y Apelante *v.* Compañía Férrea del Oeste et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en caso sobre indemnización de daños y perjuicios.

No. 1355.—Resuelto en noviembre 10, 1915.

Negligencia — Prueba Contradictoria — Pasión, Prejuicio o Parcialidad — Error Manifiesto.—En este caso la prueba fué contradictoria en el punto esencial determinante de la negligencia atribuída por el demandante a la demandada, resolviéndose el conflicto por el juez sentenciador en pro de la demandada. *Se decidió* que no habiéndose demostrado que el juez sentenciador actuara con pasión, prejuicio o parcialidad o cometiera algún error manifiesto, debía confirmarse la sentencia apelada.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Jacinto Texidor.*
Abogados de la apelada: *Sres. Martínez & Iriarte.*

El Juez Asociado Sr. del Toro emitió la opinión del tribunal.

El presente es un caso sobre indemnización de daños y perjuicios. El demandante Eladio Rodríguez Torres, alega que la demandada "Línea Férrea del Oeste," con uno de los carros del ferrocarril que explota entre Cataño y Bayamón, le ocasionó ciertos daños a un automóvil de su propiedad y como consecuencia de ello determinados perjuicios en sus

negocios, por todo lo cual reclama de la compañía la suma de
tres mil pesos.    La demandada negó los hechos de la demanda
en los cuales se describía el accidente y alegó como materia
nueva que el maquinista y conductor aludidos en la demanda
eran personas capacitadas para el cumplimiento de sus car-
gos, de absoluta moralidad en sus costumbres, reflexivos y
cuidadosos, cualidades todas que tuvo en cuenta la compañía
para ponerlos a su servicio.

Celebrada la vista en la que declararon los testigos pre-
sentados por ambas partes, la corte dictó sentencia desesti-
mando la demanda, sin especial condenación de costas.    El
demandante entonces interpuso el presente recurso de ape-
lación.

En sus *findings,* la corte sentenciadora después de refe-
rirse a las alegaciones de ambas partes, se expresó así:

"El demandante presentó como prueba para sostener las alega-
ciones de su demanda las declaraciones de varios testigos y su propia
declaración tendentes todas a demostrar la culpabilidad de los deman-
dados y la negligencia de sus empleados al ocurrir el accidente a que
hacen referencia en la demanda.

"Este demandante al ser preguntado sobre la experiencia del hom-
bre que manejaba el carro, declaró que no era de mucha experiencia,
pero bueno para correr por una carretera limpia como la de Cataño.

"Después de haber examinado la prueba aportada por la parte
demandante, hemos llegado a la conclusión de que no se han probado
las alegaciones de la demanda.

"Tampoco se ha demostrado por la prueba que el choque ocurrido
entre el coche del tren y la parte posterior izquierda de la carroza
del automóvil fuera la causa de que éste se inutilizara para el uso,
y mucho menos que dicho accidente le ocasionara al demandante la
pérdida total de sus negocios y a la vez la pérdida del carro.

"La prueba presentada por los demandados demuestra en con-
cordancia con parte de la prueba presentada por el demandante, que
el automóvil estaba parado en la orilla izquierda del camino, en vez
de estar en su derecha como dispone la Ley de Carreteras; que el tren
caminaba a corta distancia del automóvil cuando éste se detuvo en
el relleno de la piedra e inmediatamente el maquinista trató de parar
el tren, quedando parado exactamente frente del sitio en que estaba

parado el automóvil e inmediatamente después de haber ocurrido el choque; que hacia la parte derecha del automóvil quedaba espacio suficiente en la carretera para pasar otro automóvil y que el cilindro que se alega por el demandante, estaba colocado a la derecha del automóvil, se encontraba a seis u ocho metros de distancia del automóvil.

"Es innegable que si el *chauffeur* hubiese procedido cuidadosamente, deteniendo el auto hacia el lado derecho de la carretera, puesto que nada le estorbaba para hacerlo, no hubiera ocurrido el accidente. La negligencia de este empleado basta por sí sola para que no pueda prosperar la causa de acción ejercitada."

En su alegato la parte apelante señala como único error el cometido a su juicio por la corte sentenciadora al apreciar la prueba.

Dicha prueba fué contradictoria en el punto esencial determinante de la negligencia atribuída por el demandante a la demandada. Los testigos del demandante trataron de demostrar que el maquinista que dirigía el tren de la demandada lo paró antes de llegar al sitio en donde estaba el automóvil del demandante y que después de parado lo hizo andar de nuevo y entonces fué que chocó con el automóvil. Los testigos del demandado por el contrario explican el suceso en la forma aceptada por el juez sentenciador en las conclusiones que dejamos transcritas.

Hubo, pues, contradicción en la prueba y el conflicto fué resuelto por el juez sentenciador en pro del demandado, y para que esta corte estuviera justificada en alterar la decisión del juez inferior, tendría que demostrarse que dicho juez había actuado con pasión, prejuicio o parcialidad o había cometido algún error manifiesto.

Hemos analizado la prueba cuidadosamente y nada demuestra que el juez actuara en la forma indicada. En tal virtud, procede la confirmación de la sentencia apelada ya que aceptando los hechos tales como resultan de la prueba a que dió crédito el juez sentenciador, no aparece que la compañía demandada procediera negligentemente y, por tanto,

no resulta que tenga responsabilidad alguna para con el demandante.

Debe declararse sin lugar el recurso interpuesto y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.